UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD CROSSROADS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV757 HEA |
| | ) |
| GANDER MOUNTAIN COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9]. Defendant opposes the Motion. For the reasons set forth below, the Motion is granted.[1]

**Facts and Background**

On February 24, 2009, Plaintiff filed a Petition in the Circuit Court of Jefferson County, Missouri, seeking judgment against Defendant, in the amount of $43,872.40, plus statutory interest. Plaintiff seeks this amount of damages for an alleged breach of Defendant's obligations under a written lease agreement.

On May 14, 2009, Defendant removed the matter to this Court on the grounds of diversity of citizenship, 28 U.S.C. § 1332, 1441 and 1446. Defendant urges that,

---

[1] In light of the Court's decision that remand is proper, Defendant's Motion to file a Crossclaim will not be addressed by this Court.

in spite of the demanded amount, this matter is subject to removal because the total amount of the payments under the lease in question ($7,871,760.60), exceeds $75,000.00.

## Discussion

The flaw fatal to Defendant's removal is clear under Missouri law. "[I]t is well-settled in Missouri that a party can bring successive claims on the same contract for damages that have not accrued as of the time of entry of judgment in the prior action." *WEA Crestwood Plaza*, 24 S.W.3d 1, 9 (Mo.App. 2000). "An injured party may bring a succession of actions on breaches of a contract imposing a continuous duty which causes a steady accretion of damage." *Finley v. St. John's Mercy Med. Ctr.*, 958 S.W.2d 593, 595 (Mo.App. E.D.1998)). "Thus, while a contract is still in existence, each time the defendant fails to perform in accordance with its provisions is a separate violation of its terms and gives rise to a new cause of action." *Id*. at 595.

In Finley, the plaintiff brought suit on a disability policy and obtained a judgment for benefits to the date of the judgment. 958 S.W.2d at 594. She later brought a second suit for benefits, entitlement to which allegedly accrued after the first judgment. *Id*. One issue was whether the doctrines of *res judicata*, collateral estoppel or against splitting causes of action barred the second suit. *Id*. The

appellate court held that the second suit was not barred, saying:

> [d]istinct causes of action may arise from a single contract, transaction or occurrence. A plaintiff is not barred from bringing two successive claims on the same contract where the second action had not accrued at the time the first was prosecuted ... An injured party may bring a succession of actions on breaches of a contract imposing a continuous duty which causes a steady accretion of damage. Thus, while a contract is still in existence, each time the defendant fails to perform in accordance with its provisions is a separate violation of its terms and gives rise to a new cause of action.

958 S.W.2d at 595 (internal citations omitted). The court also noted that the contract in question involved a continuing duty to pay, and that the defendant breached that duty and the plaintiff suffered new damages each month that the plaintiff was entitled to benefits that were not paid. *Id*. The *Finley* Court went on to hold:

> Collateral estoppel does not apply to bar the petition in [the second suit] because the issue decided in [the first judgment], plaintiff's entitlement to disability benefits up to the time of the [first judgment], is not the issue presented in [the second suit], which is plaintiff's post-judgment entitlement to disability benefits. Res judicata does not apply because the two claims involve two separate causes of action. Further, contrary to defendants' argument on appeal, there is no splitting of a cause of action.

Id. at 596. See also, *Finova Capital Corp. v. Ream,* 230 S.W.3d 35, 46 (Mo.App. S.D.,2007) *Schuchmann v. Air Services Heating & Air Conditioning, Inc.,* 199 S.W.3d 228, 237.(Mo.App. 2006).

Plaintiff's Petition seeks recovery for a single installment of rent which is allegedly past due. Plaintiff's Petition does not seek to recover future rent payments or other damages. The Petition does not allege that the lease in question has been terminated. Based on the Petition before the Court, it is clear that the amount in controversy does not exceed $75,000. As such, the Court lacks diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for Jefferson County, Missouri.

Dated this 12th day of January, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE